## Richmond

### AMERICAN ORIGINAL FOODS, INC., AND RELIANCE INSURANCE COMPANY

### V.

### NETTIE FORD

November 26, 1980.

Record No. 791841.

Present: All the Justices.

*William E. Baggs (Andrew C. Mitchell, Jr.; S. Lawrence Dumville; Breeden, Howard & MacMillan,* on briefs), for appellants.
*John H. Klein (Breit, Rutter and Montagna,* on brief), for appellee.

HARRISON, J., delivered the opinion of the Court.

In this case we decide that the Industrial Commission of Virginia did not err in assuming jurisdiction over a workmen's compensation claim that arose out of an accident which occurred in Virginia upon navigable waters.

George Ford was a welder employed by the Eastern Marine Builders & Supply Company, a division of American Original Foods, Inc. He died as the result of an industrial accident which happened on January 17, 1978, while the decedent was welding hydraulic lines in the clam hold of the "Shinnecock," a ship moored at his employer's dock at Cape Charles. A claim for compensation was filed against the decedent's employer and its carrier, Reliance Insurance Company, and an award was entered in favor of the dependent mother of the decedent. An appeal was granted the employer and its carrier, limited to a consideration of the jurisdiction of the Commission to adjudicate the claim.

During the pendency of this appeal, the Supreme Court decided *Sun Ship, Inc.* v. *Commonwealth of Pennsylvania,* 447 U.S. 715 (1980), which we find pertinent to our disposition of the instant case. There, the appellees were five employees of Sun Ship, Inc., a shipbuilding and ship repair enterprise located on the Delaware River. Each employee was injured after the effective date of the 1972 amendments to the Federal Longshoremen's and Harbor Workers' Compensation Act (LHWCA) and while involved in ship repair activities. The sole issue was whether Pennsylvania could apply its workmen's compensation scheme to the landbased injuries which admittedly fell within the coverage of the LHWCA. The Supreme Court held that it could, and in its opinion took occasion to review the evolution of the law of compensation for workmen injured in maritime precincts beginning with *Southern Pacific Co.* v. *Jensen,* 244 U.S. 205 (1917), relied upon by appellants here.

In *Jensen* the Court held that the New York Workmen's Com-

pensation Act could not be applied to a stevedore unloading a vessel on navigable waters, because to do so would impair the uniformity of the general maritime law. 244 U.S. at 215. Immediately thereafter Congress passed legislation to give injured maritime employees the rights and remedies under the workmen's compensation laws of any state. This legislation, as well as a second statute similar in approach, was declared unconstitutional. *Washington* v. *Dawson & Co.,* 264 U.S. 219 (1924); *Knickerbocker Ice Co.* v. *Stewart,* 253 U.S. 149 (1920). At the same time that Congress was seeking to alleviate the impact of the *Jensen* decision, the Supreme Court also began to narrow its impact by "identifying circumstances in which the subject of litigation might be maritime yet 'local in character,' and thus amenable to relief under state law." *Sun Ship, Inc.,* 447 U.S. at 717 *See also Grant Smith-Porter Ship Co.* v. *Rohde,* 257 U.S. 469 (1922); *Western Fuel Co.* v. *Garcia,* 257 U.S. 233 (1921).

In 1927, Congress enacted a federal compensation law, the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §901, *et seq.,* which provided, in pertinent part, that "[c]ompensation shall be payable [for an injury]...occurring upon the navigable waters of the United States...if recovery...through workmen's compensation proceedings may not validly be provided by State law." Section 903a. The effect of this, as Mr. Justice Brennan points out in *Sun Ship, Inc.,* 447 U.S. at 718, is that "Federal and state law were thus linked together to provide theoretically complete coverage for maritime laborers. But the boundary at which state remedies gave way to federal remedies was far from obvious in individual cases. As a result, the injured worker was compelled to make a jurisdictional guess before filing a claim; the price of error was unnecessary expense and possible foreclosure from the proper forum by statute of limitations."

In *Davis* v. *Department of Labor,* 317 U.S. 249, 256 (1942), the Court, after noting that there had never been formulated any guiding rule to determine the extent of state power in advance of litigation, determined that the border between federal and state compensation schemes was less a line than a "twilight zone in which the employees must have their rights determined case by case, and in which particular facts and circumstances are vital elements." The employee in *Davis* was a structural steelworker who was killed on a barge which was engaged in dismantling an abandoned drawbridge which spanned a navigable river. The Court permitted a recovery under state compensation law. It held that the surrounding circumstances were controlling in determining whether the claim for compensation for the

death of the worker was within the state's authority under state work-men's compensation laws or was governed by LHWCA. The court said that in determining the factual problem, a court should give presumptive weight to the conclusion of the appropriate federal authorities and to state statutes, and further, that a presumption of constitutionality exists in favor of a state statute. 317 U.S. at 256-58.

In *Calbeck* v. *Travelers Insurance Co.,* 370 U.S. 114, 124 (1962), the injured employees were welders for a shipbuilding company. They were injured while working on barges which had been launched and were floating on navigable waters. The case involved overlapping federal and state law coverage for marine workers. The Court held that LHWCA comprehended "all injuries sustained by employees on navigable waters." Mr. Justice Brennan, commenting on *Calbeck,* in *Sun Ship, Inc.,* 447 U.S. at 718, observed that *Calbeck* extended the coverage of LHWCA "without regard to whether the locus of an event was 'maritime but local,' and hence within the scope of state compensation provisions." Mr. Justice Brennan added:

> Yet having extended the LHWCA into the "maritime but local" zone, *Calbeck* did not overturn *Davis* by treating the federal statute as exclusive. To the contrary, *Calbeck* relied upon *Davis,* and discussed at length its proposition that an injury within the "maritime but local" sphere might be compensated under either state or federal law. 370 U.S. at 128-129. So, too, *Calbeck's* explanation of *Avondale Marine Ways, Inc.* v. *Henderson,* 346 U.S. 366 (1953), indicated that although an injury might be compensable under the Longshoremen's Act, "there is little doubt that a state compensation act could validity [*sic*] have been applied to it." *Id.,* 370 U.S. at 129. Even more significantly, *Calbeck's* ruling that one of the employees in a consolidated case should not be held to have elected to pursue state remedies was necessarily premised upon the view that state relief was concurrently available, *Id.,* at 131-132 . . . .

> Before 1972, then, marine-related injuries fell within one of three jurisdictional spheres as they moved landward. At the fur-thest extreme, *Jensen* commanded that nonlocal maritime injuries fall under the LHWCA. "Maritime but local" injuries "upon the navigable waters of the United States," 33 U.S.C. § 903(a), could be compensated under the LHWCA or under state law. And injuries suffered beyond navigable waters—albeit within the range of federal admiralty jurisdiction—were remediable only under state law. [Citation omitted.]

In 1972, Congress superseded *Nacirema Co.* v. *Johnson* [396 U.S. 212 (1969)] by extending the LHWCA landward beyond the shoreline of the navigable waters of the United States. Pub. L. No. 92-576, 86 Stat. 1251, amending 33 U.S.C. § 903(a). In so doing, the Longshoremen's Act became, for the first time, a source of relief for injuries which had always been viewed as the province of state compensation law.

Absent any contradicting signal from Congress, the principles of *Davis* v. *Department of Labor, supra,* and of *Calbeck* v. *Travelers Insurance Co., supra,* direct the conclusion that the 1972 extension of federal jurisdiction supplements, rather than supplants, state compensation law. Given that the pre-1972 Longshoremen's Act ran concurrently with state remedies in the "maritime but local" zone, it follows that the post-1972 expansion of the Act landward would be concurrent as well. [Citations omitted.]

447 U.S. at 718-20.

■ The decision in *Sun Ship* has refined and narrowed the issue in the instant case. Consistent with *Davis* and *Calbeck* it expressly recognizes the existence of a "twilight zone" in which there is concurrent jurisdiction between the compensation laws of the states and those of the federal government. In such instances jurisdiction must be determined case by case and depends on the particular facts and circumstances. George Ford, the injured worker in the case under review, was a resident of Virginia, employed by Eastern Marine Builders to work in its plant and on ships. His place of residence and that of his dependent mother were not far distant from his place of employment. When injured he was working aboard a ship that was docked at Cape Charles in Northampton County, Virginia.

■ We think it clear that both the federal and the state governments are constitutionally competent to provide workmen's compensation remedies to workmen who are killed or injured on navigable waters in Virginia. *Newport News Shipbuilding & Dry Dock* v. *Director,* 583 F.2d 1273, 1277 (4th Cir. 1978), *cert. denied,* 440 U.S. 915 (1979). Double recovery under concurrent jurisdiction will not be allowed, because an employer receives credit for prior state compensation awards in any subsequent award under LHWCA. *Calbeck,* 370 U.S. at 131. It is recited in numerous cases that the 1972 amendments to LHWCA are obviously designed to provide greater benefits to maritime workers than were generally available under state laws. Both the

federal and state compensation laws are liberally construed to the end that adequate compensation be paid employees injured or killed on the job. In the instant case the claimant, Nettie Ford, mother of the deceased employee, seeks recovery under Virginia's Workmen's Compensation Law because the state law affords greater benefits than does the Longshoremen's Act. This is due to the statutory presumption in Virginia that a parent in destitute circumstances is totally dependent. Va. Code § 65.1-66(4).

The Industrial Commission, applying the doctrine of "maritime but local," and recognizing the existence of the "twilight zone" here, concluded that it had jurisdiction to determine the claim growing out of George Ford's death and to make an award to his dependent mother. We are unable to say that its conclusion is plainly wrong.

Accordingly, the award of the Commission is

*Affirmed.*