**Norfolk**

NORFOLK SHIPBUILDING AND DRYDOCK CORP.

v.

RONALD W. LATHEY

No. 0847-88-1

Decided June 6, 1989

COUNSEL

F. Nash Bilisoly (Vandeventer, Black, Meredith and Martin, on brief), for appellant.

John H. Klein (Rutter and Montagna, on brief), for appellee.

OPINION

**BARROW, J.**—In this appeal from the Industrial Commission the employer contends that the constitutional grant of admiralty and maritime jurisdiction to the federal government bars the application of the Virginia Workers' Compensation Act to an employee injured while repairing a *completed* vessel on navigable waters. However, the holding in *Southern Pacific Co. v. Jensen*, 244 U.S. 205 (1917), which supports the employer's argument, has been modified. Our own Supreme Court has recognized this modification and has rejected the same contention the employer asserts. *American Original Foods, Inc. v. Ford*, 221 Va. 557, 561, 272 S.E.2d 187, 190 (1980). Therefore, we affirm the Industrial Commission's decision to apply the Virginia Workers' Compensation Act in this case.

The employee injured his right shoulder while repairing a completed vessel on the Elizabeth River at a pier in Norfolk, Virginia. He filed a claim under the Longshoremen's and Harbor Workers' Compensation Act and received temporary total disability benefits. He was later diagnosed as having a fifteen percent permanent partial disability as a result of the injury. Since shoulder injuries are not compensable under the Longshoremen's and Harbor Workers' Compensation Act, he applied for and was awarded benefits for his permanent disability under the Virginia Workers' Compensation Act.

The employer contends that by extending the judicial power of the United States "to all cases of admiralty and maritime jurisdiction" the United States Constitution prohibits the application of a state workers' compensation law to an employee injured while repairing a completed vessel on navigable waters. This argument relies upon *Jensen* which held that the family of an employee who was killed while unloading a vessel owned by his employer and berthed on navigable waters was not entitled to benefits under

New York's Workers' Compensation Act. 244 U.S. at 217-18. Although recognizing that it is "difficult, if not impossible, to define with exactness just how far the general maritime law may be changed, modified or affected by state legislation," the Court concluded that the work of a stevedore is maritime in nature, within the admiralty jurisdiction, and, therefore, the New York workers' compensation scheme could not apply. *Id.* at 216. In reaching this decision, the Court followed the applicable interstate commerce rule that "[w]here the subject is national in its character, and . . . requires uniformity of regulation, affecting alike all the States . . . Congress can alone act." *Id.* at 217.

Many changes have occurred in this field since the *Jensen* opinion, both through the adoption of federal legislation and decisions by the United States Supreme Court. *See, e.g.*, 33 U.S.C. § 901-950 (Longshoremen's and Harbor Workers' Compensation Act); *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715 (1980); *Calbeck v. Travelers Ins. Co.*, 370 U.S. 114 (1962); *Davis v. Department of Labor*, 317 U.S. 249 (1942). The significance of the intervening history since the *Jensen* opinion has been well described by our Supreme Court. *See Ford*, 221 Va. at 558-61, 272 S.E.2d at 188-90.

As a result of this evolution of the law regarding compensation for maritime workers there is now a "regime of concurrent jurisdiction" in which both federal and state compensation schemes may exist. *Sun Ship, Inc.*, 447 U.S. at 718. There is now a recognized "twilight zone in which . . . employee's must have their rights determined case by case." *Davis*, 317 U.S. at 256.

The *Jensen* doctrine has not been overruled. *See Davis*, 317 U.S. at 256. There is still a jurisdictional sphere involving non-local maritime injuries to which a state compensation act does not apply. *Ford*, 221 Va. at 560, 272 S.E.2d at 189. However, the *Jensen* doctrine has been significantly limited. *Sun Ship, Inc.*, 447 U.S. at 417.

In *Ford*, the Virginia Supreme Court upheld the application of the Virginia Workers' Compensation Act to a welder who died as a result of an industrial accident which occurred while he was welding in the clam hold of a ship moored to his employer's dock at Cape Charles, Virginia. It concluded that a 1972 extension of the jurisdiction of the Longshoremen's and Harbor Workers'

Compensation Act supplemented, rather than supplanted, Virginia law. 221 Va. at 561, 272 S.E.2d at 190. It also concluded that "both the federal and the state governments are constitutionally competent to provide workmens' compensation remedies to workmen who are killed or injured on navigable waters in Virginia." *Id.*

Thus, even though *Jensen* has not been expressly overruled, the law now recognizes the authority of a state to apply its workers' compensation law to a local maritime industrial accident. The parties do not dispute that this worker was employed by the employer as an insulator and was repairing insulation on board a vessel moored at the employer's facility in Norfolk, Virginia; thus, the employee was injured in a local, maritime industrial accident. We conclude, therefore, that the United States Constitution does not prevent the Virginia Workers' Compensation Act from applying to this accident, and the award of the commission is affirmed.

*Affirmed.*

Baker, J., and Cole, J., concurred.