## Norfolk

## NORFOLK SHIPBUILDING & DRYDOCK CORPORATION

v.

## CHARLES W. DUKE, JR.

No. 1553-91-1

Decided August 18, 1992

COUNSEL

F. Nash Bilisoly (Thomas J. Duff; Vandeventer, Black, Meredith & Martin, on brief), for appellant.

John H. Klein (Rutter & Montagna, on brief), for appellee.

OPINION

WILLIS, J.—The Virginia Workers' Compensation Commission* awarded Charles Duke, Jr. benefits for a ten percent permanent partial disability to the left upper extremity. The commission also held that Norfolk Shipbuilding & Drydock Corporation (Norfolk Shipbuilding) did not have reasonable grounds for denying the claim and awarded Duke his attorney's fees and statutory interest. On appeal, Norfolk Shipbuilding contends that the constitutional grant of admiralty and maritime jurisdiction to the federal government precludes the exercise of jurisdiction by the Virginia Workers' Compensation Commission over an injury sustained by an employee while repairing a completed vessel in navigable waters. It also contends that its defense is based on a theory on which the Virginia Supreme Court granted a petition for appeal in *Hunter v. Virginia International Terminals, Inc.* (Record No. 910484), *Mizenko v. Electric Motor & Contracting Co.* (Record No. 910687), and *Metro Machine Corp. v. Mizenko* (Record No. 910726), and thus is a defense constituting "reasonable grounds." We find no error and affirm the commission's exercise of jurisdiction and its decision.

On March 22, 1988, while within the course and scope of his employment by Norfolk Shipbuilding, Duke fell on a ladder and injured his shoulder. At the time of the injury, he was making repairs on board the barge *Interstate 140*, which was floating in the Elizabeth River, a navigable waterway of the United States, and was tied to a pier at Norfolk Shipbuilding's Brambleton plant.

On April 24, 1989, Duke's physician rated him as having a ten percent disability of the left upper extremity. Norfolk Shipbuilding declined to pay benefits under the Longshore and Harbor Workers' Compensation Act (LHWCA), because such injuries are not scheduled disabilities under that Act. Duke filed a claim under the Virginia Workers' Compensation Act and was awarded

---

* Formerly the Industrial Commission of Virginia. Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. All references in this opinion are to Title 65.1, in effect at the time the Commission's decision was rendered in this case.

benefits. The parties have stipulated that if the commission has jurisdiction to enter an award, Duke is entitled to the award made.

■ Norfolk Shipbuilding first contends that the United States Constitution prohibits a state workers' compensation commission from exercising jurisdiction over maritime injuries. This argument is based on *Southern Pacific Co. v. Jensen*, 244 U.S. 205 (1917). However, the holding in *Jensen* has been modified by subsequent congressional legislation and United States Supreme Court decisions. These modifications were noted by the Supreme Court in *American Original Foods, Inc. v. Ford*, 221 Va. 557, 561, 272 S.E.2d 187, 190 (1980). In *Ford*, the Court recognized the doctrine of "maritime but local" and held that in cases falling within that classification, the Virginia Workers' Compensation Commission has jurisdiction to award benefits for injuries occurring on navigable waters in Virginia, even though concurrent jurisdiction may exist under a federal compensation scheme.

The work being performed by Duke was a maritime activity. *See Mizenko v. Electric Motor & Contracting Co.*, 244 Va. 152, 157, 419 S.E.2d 637, 640 (1992). Yet, both Duke and Norfolk Shipbuilding are Virginia citizens. The work was being performed in Virginia waters. The work resulted from a local employment contract. The relationship of Duke and Norfolk Shipbuilding is a proper subject of state interest and control. Thus, the employment falls within the classification "maritime but local."

■ This case is controlled by our decision in *Norfolk Shipbuilding & Drydock Corp. v. Lathey*, 8 Va. App. 306, 380 S.E.2d 665 (1989), *cert. denied*, 493 U.S. 1079 (1990). In *Lathey*, a workman was injured while repairing a completed vessel on the Elizabeth River at a pier in Norfolk. Affirming the exercise of jurisdiction by the Industrial Commission,[1] we said:

[E]ven though *Jensen* has not been expressly overruled, the law now recognizes the authority of a state to apply its workers' compensation law to a local maritime industrial accident.

*Id.* at 309, 380 S.E.2d at 667. The Supreme Court has reaffirmed this holding in *Metro Machine Corp. v. Mizenko*, 244 Va. 78, 419

---

[1] Now the Virginia Workers' Compensation Commission.

S.E.2d 632 (1992); *Mizenko v. Electric Motor & Contracting Co.*, 244 Va. 152, 419 S.E.2d 637 (1992); and *Hunter v. Virginia International Terminals, Inc.*, 244 Va. ix, 419 S.E.2d 654 (1992).

In *Metro*, the Supreme Court affirmed the imposition of the exclusivity provision of the Virginia Workers' Compensation Act, Code § 65.1-40 (now Code § 65.2-307), to bar a federal maritime law negligence claim by a worker against his employer. The claim arose from injuries sustained by the worker while making repairs on board the USS COMPTE DE GRASSE, which was afloat in navigable waters and moored at Metro's shipyard in Norfolk. Finding no conflict between the exclusivity provision of the Virginia Act and that of the corresponding federal act, as applied with respect to the worker's employer, the Court upheld the application of the Virginia Act.

*Electric Motor* dealt with the same accident as *Metro*, but considered the application of the exclusivity bar of the Virginia Act to a federal maritime tort action brought by the worker against a subcontractor of his employer. The Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, the federal counterpart of the Virginia Workers' Compensation Act, did not bar this claim. Acknowledging concurrent federal and state jurisdiction with respect to workers' compensation claims in "maritime but local" cases, the Court also recognized the limitation on the exercise of state jurisdiction. It said:

> Under general maritime law, a state law which changes, modifies, or affects maritime law may be given effect unless "it contravenes the essential purpose expressed by an act of Congress, or works material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations."

244 Va. at 157, 419 S.E.2d at 640 (citation omitted). Finding that the application of the exclusivity provision of the Virginia Act would defeat an otherwise viable right under general maritime law, and thus identifying a conflict, the Court weighed the factors supporting each jurisprudential scheme and determined that no state interest existed which outweighed the need for uniformity in the application of the general maritime law. Thus, it held that the

exclusivity provision of the Virginia Act could not be invoked to bar Mizenko's general maritime tort action. The Court carefully noted that it was not dealing with a question of whether workers' compensation should be provided, but rather with the resolution of conflict between disparate causes of action. *See also Hunter v. Virginia International Terminals, Inc.*, 244 Va. ix, 419 S.E.2d 654 (1992).

In *Electric Motor*, the Court said:

As we recognized in *Ford*, there is a zone of concurrent jurisdiction in "maritime but local" cases in which state or federal workers' compensation benefits may be sought. However, neither *Ford*, nor *Sun-Ship, Inc. v. Pennsylvania*, 447 U.S. 715 (1980), also cited by Electric, establishes a zone of concurrent jurisdiction for any type of claim other than workers' compensation. Further, unlike *Ford*, the issue before us is not whether *workers' compensation benefits* may be sought under the state or federal scheme. Instead, we are presented with the question whether the exclusivity provision of the Virginia Act may bar an injured worker from asserting a *federal cause of action* in *maritime tort*.

244 Va. at 162, 419 S.E.2d at 643. (footnote omitted).

The application of the Virginia Act in this case poses no conflict with general maritime law. It affords no conflicting remedy. It denies no conflicting immunity. *See Metro*. Therefore, the commission correctly assumed jurisdiction and applied the provisions of the Virginia Act.

The employer contends that the commission erred in holding that the pendency of *Metro*, *Electric Motor*, and *Hunter* in the Supreme Court did not give it reasonable grounds for denying benefits to Duke. We find no error in the commission's decision. Those cases did not involve issues that were determinative of Duke's entitlement to compensation. *Metro* involved the questions of whether Metro was Mizenko's statutory employer and whether such a relationship was cognizable under the LHWCA, the Federal Compensation Act. *Electric Motor* and *Hunter* involved the applicability of the Virginia Act to bar maritime tort claims arising out of a relationship not protected under corresponding federal legislation. None of these cases concerned the entitlement

of a worker to compensation from his employer for injuries suffered in a "maritime but local" setting, an entitlement well settled by *Ford* and *Lathey*.

For the foregoing reasons, the judgment of the Virginia Workers' Compensation Commission is affirmed.

*Affirmed.*

Baker, J., and Duff, J., concurred.