Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and
Keenan, JJ., and Poff, Senior Justice

MELVIN C. MOORE, JR.
                        OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.
v. Record No. 961500
                                June 6, 1997
VIRGINIA INTERNATIONAL TERMINALS, INC.

               FROM THE COURT OF APPEALS OF VIRGINIA


     The sole issue in this appeal is whether the Court of

Appeals erred in ruling that Code § 65.2-520 (a part of the

Virginia Workers' Compensation Act, Code § 65.2-100 et seq. (the

Virginia Act)) grants an employer a "dollar-for-dollar," as

opposed to a "week-for-week," credit for benefits paid to an

injured employee under the Longshore and Harbor Workers'

Compensation Act, 33 U.S.C. § 901 et seq. (the Longshore Act),

which exceeded the employer's obligations under the Virginia Act.

     The facts are undisputed.  On November 10, 1986, Melvin C.

Moore, Jr., sustained injuries to both wrists while working as a

longshoreman with Virginia International Terminals, Inc. (VIT).

It is conceded that Moore's injury was compensable under both the

Longshore Act and the Virginia Act.

     Moore initially sought disability benefits under the

Longshore Act.  As a result of his injuries, Moore received

temporary total disability benefits under the Longshore Act from

November 11, 1986, through April 7, 1987; from April 14, 1987,

through November 22, 1987; and from November 25, 1987, through

February 15, 1988.  Moore also received temporary partial

disability benefits from February 16, 1988, through April 17,

1988; temporary total disability benefits from April 18, 1988,

through July 27, 1988; and permanent partial disability benefits from July 28, 1988, through August 31, 1990. In addition, Moore received temporary total disability benefits from June 7, 1993, through October 11, 1993.

On May 5, 1988, while receiving temporary total disability benefits under the Longshore Act, Moore filed an application for benefits with the Virginia Workers' Compensation Commission (the Commission). Moore sought temporary total disability benefits beginning September 1, 1990.

The parties stipulated that VIT was entitled to a credit for compensation it paid to Moore under the Longshore Act during the periods of Moore's disability through November 19, 1989, and from June 7, 1993, to August 18, 1993. The parties disagreed, however, regarding the method of calculating the credit pursuant to Code § 65.2-520.

VIT paid a total of $128,578.60 to Moore under the Longshore Act, and it contended that it is entitled to a "dollar-for-dollar" credit in the amount of $16,062.06; i.e., that portion of the sum it paid which exceeds its obligation under the Virginia Act. Moore contended, on the other hand, that VIT is entitled to credit on a "week-for-week" basis, whereby credit is awarded based upon the number of weeks during which benefits were paid by VIT under the Longshore Act.

The Commission, affirming its Deputy Commissioner, adopted Moore's "week-for-week" contention. Specifically, the Commission

held that VIT "is entitled to set off the number of weeks that benefits were paid under [the Longshore Act] rather than the total amount . . . of compensation paid under [the Longshore Act]." Thus, any weekly amounts VIT paid to Moore under the Longshore Act which exceeded what was due under the Virginia Act were not credited against VIT's liability under the Virginia Act.

The Court of Appeals reversed that part of the Commission's order relating to the amount of the credit. The Court held that "the [C]ommission erred in concluding that [VIT] was not entitled to credit for the amount [VIT] paid under the [Longshore Act] that exceeded its obligation under the Virginia Act." Virginia Intern. Terminals v. Moore, 22 Va. App. 396, 405-06, 470 S.E.2d 574, 579 (1996). We awarded Moore an appeal, having determined that the Court of Appeals' decision involves a matter of significant precedential value. Code § 17-116.07(B).

Where, as here, a worker is covered by both the federal Longshore Act and a state workers' compensation statute, concurrent jurisdiction exists, and the injured worker may proceed under either or both statutes. The claimant, however, is entitled to only a single recovery for his injuries. Calbeck v. Travelers Ins. Co., 370 U.S. 114, 131 (1962); accord American Foods v. Ford, 221 Va. 557, 561, 272 S.E.2d 187, 190 (1980).

In Calbeck, an employer contended that its employee's acceptance of benefits under a state compensation act constituted an election of remedies which barred prosecution of his claim

under the Longshore Act.  The Supreme Court held that the injured employee's acceptance of state disability benefits did not constitute an election of remedies under state law that would preclude recovery under the Longshore Act.  In so holding, the Supreme Court noted that, in the commissioner's order directing payment of compensation under the Longshore Act, "the full amount of all payments made by the employer [under the state act] was credited against the [Longshore Act] award, and no impermissible double recovery is possible."  370 U.S. at 131.  Consistent with Calbeck, the Supreme Court, in Sun Ship, Inc. v. Pennsylvania, 447 U.S. 715, 725 n.8 (1980), concluded that "there is no danger of double recovery under concurrent jurisdiction since employers' awards under one compensation scheme would be credited against any recovery under the second scheme."

In American Foods, we considered the issue of concurrent jurisdiction and stated that "both the federal and the state governments are constitutionally competent to provide [workers'] compensation remedies to [workers] who are killed or injured on navigable waters in Virginia."  221 Va. at 561, 272 S.E.2d at 190.  We also stated that "[d]ouble recovery under concurrent jurisdiction will not be allowed, because an employer receives credit for prior state compensation awards in any subsequent award under [the Longshore Act]."  Id.

The Code section at issue in the present case, Code § 65.2-520, entitled "Voluntary payment by employer," reads as follows:
    Any payments made by the employer to the injured

- 4 -

employee during the period of his disability, or to his dependents, which by the terms of this title were not due and payable when made, _may_, subject to the approval of the Commission, _be deducted from the amount to be paid as compensation_ provided that, in the case of disability, such deductions shall be made by shortening the period during which compensation must be paid and not by reducing the amount of the weekly payment.

(Emphasis added.)

We think, in enacting Code § 65.2-520, the General Assembly intended that an employer should be given a "dollar-for-dollar" credit. Indeed, the statute states that "[a]ny payments . . . may . . . be deducted from the amount to be paid as compensation." _Payments_ are made in dollars, and _compensation_ is paid in dollars. Any other reading of Code § 65.2-520 would allow a double recovery by an injured employee, and, as we said in _American Foods_, "[d]ouble recovery under concurrent jurisdiction will not be allowed." 221 Va. at 561, 272 S.E.2d at 190. Moreover, had the General Assembly intended a "week-for-week" credit, the directive against "reducing the amount of the weekly payment" would have been unnecessary.

Moore correctly points out that the Commission in a number of cases has uniformly interpreted and applied the credit provision of Code § 65.2-520 "to provide for credit measured by the period of disability and corresponding payments, as opposed to offsetting the total dollar amount paid against the dollar amount to which the claimant would otherwise be entitled under the Virginia Act." Moore also correctly states that "[a] basic tenet of interpretation and application of the Virginia Act is

- 5 -

that the construction given to the Act by the . . . Commission is to be accorded great weight."  Nevertheless, when the Commission's interpretation of a statute runs counter to what we perceive to be the clear intent of the General Assembly as well as our decisions, the former must yield.  This is such a case.

Accordingly, we will affirm the judgment of the Court of Appeals.  In accordance with the Court of Appeals' opinion, the case will be remanded to the Court of Appeals, with direction that it remand the case to the Commission for a determination consistent with this opinion.

<u>Affirmed</u>.