COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia

CERES MARINE TERMINALS, INC. and
 AETNA CASUALTY & SURETY COMPANY

                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0074-97-1     JUDGE RICHARD S. BRAY
                                      SEPTEMBER 23, 1997
ANTHONY E. WARD

           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Robert A. Rapaport (Lynne M. Ferris; Knight,
              Dudley, Clarke & Dolph, P.L.C., on briefs),
              for appellants.

              Gregory E. Camden (Rutter & Montagna, L.L.P.,
              on brief), for appellee.


     Ceres Marine Terminals, Inc., employer, and Aetna Casualty &

Surety Company, carrier, (collectively employer) appeal an

amended award of permanent partial disability compensation to

Anthony E. Ward (claimant).  Employer complains that the

commission erroneously denied a credit against such award for

temporary total disability benefits previously paid by employer

to claimant pursuant to the Longshore and Harbor Workers'

Compensation Act, 33 U.S.C. §§ 901 to 950 (LHWCA).  In response,

claimant both defends the merits of the decision and challenges

the jurisdiction of this Court to entertain the appeal, asserting

that employer failed to timely request commission review of the

award, as amended.

     We find that employer's request for review, together with

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

the opinion of the commission, embraced the amended award. However, because the decision violated the principle enunciated in Moore v. Virginia International Terminals, Inc., 254 Va. 46, 486 S.E.2d 528 (1997), aff'g 22 Va. App. 396, 470 S.E.2d 574 (1996), we must reverse the commission and remand for further proceedings consistent with this opinion.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.

JURISDICTION OF THE COMMISSION

Code § 65.2-705 provides that the full commission shall review an award "[i]f an application for review is made . . . within twenty days from the date of the award." Timely "application" is jurisdictional, "unless the petitioning party alleges fraud or mistake in the procurement of the award." McCarthy Elec. Co. v. Foster, 17 Va. App. 344, 345, 437 S.E.2d 246, 247 (1993). Once the commission acquires jurisdiction, it may consider, sua sponte, any error it considers "necessary for just determination of the issues," although "[a] request for review should assign as error specific findings of fact and conclusions of law." See Va. Workers' Compensation Commission Rule 3.1 (emphasis added); see also Brushy Ridge Coal Co. v. Blevins, 6 Va. App. 73, 78, 367 S.E.2d 204, 206 (1988) (decided under earlier rule; holding that failure to specify exception in request for review is not jurisdictional and commission retains

2

discretion to consider any error).

Here, employer made a timely application for review of the decision rendered on July 25, 1996. The subsequent order, dated August 12, 1996, simply amended, without displacing, the earlier award. Thus, employer's request for review provided the commission with jurisdiction over the disputed award, permitting it to consider, sua sponte, any issues deemed relevant on appeal.

<u>EMPLOYER'S ENTITLEMENT TO CREDIT</u>

Employer contends that the commission erroneously refused to offset the permanent partial disability benefits awarded claimant pursuant to the Virginia Workers' Compensation Act (Virginia Act) by the temporary total disability monies previously paid under the LHWCA. We agree.

In <u>Virginia International Terminals, Inc. v. Moore</u>, 22 Va. App. 396, 470 S.E.2d 574 (1996), <u>aff'd</u>, 254 Va. 46, 486 S.E.2d 528 (1997), we relied upon Code § 65.2-520 to conclude that:

> an employer is entitled to a credit for <u>any</u> "voluntary payment" it may have made to the employee. As defined by the statute, a payment is "voluntary" if it was not "due and payable" by "the terms of this title" when made. Thus, the disability payments employer paid claimant under the LHWCA were "voluntary" because when paid they were not "due and payable" under "the terms of" the Virginia Act. Therefore, the amounts paid under the LHWCA should have been deducted from employer's liability as determined by the commission. The statute makes <u>no</u> <u>exception</u> to its command, and its language directing that a credit be provided for "<u>any</u>" voluntary payments indicates an intent to provide a credit for <u>all</u> payments that fall within its classification of "voluntary."

3

22 Va. App. at 405, 470 S.E.2d at 578-79 (emphasis added). Affirming the rationale and result in <u>Moore</u> on appeal, the Virginia Supreme Court emphasized that "the General Assembly intended that an employer should be given a 'dollar-for-dollar' credit . . . . Any other reading of Code § 65.2-520 would allow a double recovery by an injured employee, and . . . '[d]ouble recovery under concurrent jurisdiction will not be allowed.'"[1] 254 Va. at 50, 486 S.E.2d at 530 (quoting <u>American Foods v. Ford</u>, 221 Va. 557, 561, 272 S.E.2d 187, 190 (1980)).

Accordingly, we reverse and remand the award, instructing the commission to ascertain the total compensation paid to claimant pursuant to the LHWCA and credit same to employer's responsibility pursuant to the Virginia Act.

<u>Reversed and remanded.</u>

---

[1]Contrary to claimant's argument, the particulars of claimant's coverage under the LHWCA do not affect employer's entitlement to a credit for voluntary payments in this instance.

4