COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Bumgardner and Frank
Argued at Chesapeake, Virginia


TRACEY ANN LARKIN

                                        MEMORANDUM OPINION* BY
v.    Record No. 1992-01-1            JUDGE RICHARD S. BRAY
                                         FEBRUARY 26, 2002
HOLIDAY INN EXECUTIVE CENTER AND
 HARTFORD ACCIDENT & INDEMNITY COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Robert J. Macbeth, Jr. (Jean M. McKeen;
            Rutter, Walsh, Mills & Rutter, L.L.P., on
            brief), for appellant.

            Adam S. Rafal (R. John Barrett; Vandeventer
            Black, LLP, on brief), for appellees.


     Tracey Ann Larkin (claimant) appeals the decision of the

Workers' Compensation Commission (commission) awarding Holiday

Inn Executive Center (employer) and Hartford Accident &

Indemnity Company (carrier) an overpayment credit for benefits

mistakenly paid to claimant.  Claimant contends the commission

erroneously (1) relied upon carrier's ledger system to calculate

the amount of overpayment, and (2) allowed recoupment of an

overpayment that resulted from carrier's unilateral mistake.

Finding no error, we affirm the commission.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The parties are fully conversant with the record, and this memorandum opinion recites only those facts necessary to a disposition of the appeal.  We consider the evidence in the light most favorable to the prevailing party below, employer in this instance.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

## I.

On August 2, 1991, claimant sustained a work-related injury by accident.  Employer accepted the resulting claim, and benefits for numerous periods of disabilities were subsequently awarded by the commission.  On June 30, 1999, carrier filed an "Application for Hearing" with the commission alleging an increase in claimant's earnings and seeking attendant modification of the outstanding award and related "credits."  Claimant did not contest a reduction of the award but disputed carrier's entitlement to credits.  By opinion dated September 7, 1999, a deputy commissioner reduced the award but ordered carrier to pay claimant $810.18 in "past due" benefits, plus a twenty percent penalty.

By letter dated September 9, 1999, carrier requested the deputy to reconsider.  Alleging that "additional drafts in the amounts of $24,655.40 and $3,326.83 were issued to the claimant" by mistake, carrier moved the commission to direct claimant to "return those sums immediately" and sought a "protective order"

-

preventing expenditure of the funds in the interim.[1]  The deputy denied relief, and carrier appealed to the full commission. Upon review, the commission remanded the dispute to the deputy for "determination of the amounts due and owing . . . claimant under the outstanding Award, including any interest and penalties that may have accrued," specifically directing the deputy "to calculate the total amount of compensation paid . . . claimant through September 2, 1999, . . . and to make any appropriate findings based on the evidence."

On March 8, 2000, the deputy conducted a further hearing on remand.  Carrier introduced into evidence a "stack" of checks purporting to establish benefits paid to and received by claimant.  Alice Pleasant, carrier's "Claims Service Representative" responsible for the disbursement of benefits to claimant, testified that "a record of every check . . . issued on [claimant's] file" was documented in the "payment activity log," also in evidence.  Pleasant confirmed that, on June 30, 1999, she had erroneously issued two checks to claimant totaling $27,982.23.  Upon discovery of the mistake, Pleasant had immediately contacted claimant and her counsel, but the funds were not returned to carrier.

---

[1] Claimant did not dispute the deputy's original ruling and objected to carrier's motion, although she expressly acknowledged "the Commission can . . . issue a credit for the amount of any established overpayment upon application by the employer and carrier for such credit."

-

By opinion dated October 11, 2000, the deputy found

> from the evidence presented that the carrier
> paid benefits totaling $57,197.46 for the
> period in question. . . .  This is evident
> from payment logs kept by Ms. Pleasant.  The
> parties have agreed that the claimant was
> owed $27,467.91 for this period. . . .
> Thus, we find that there has been an
> overpayment in the amount of $29,729.55.

Claimant requested review by the full commission, challenging "the computations made by the [d]eputy [c]ommissioner in determining the amount of overpayment" and contending carrier "is not entitled to a credit for a unilateral overpayment, whatever the amount, which is entirely its error."

Upon review, the commission, by opinion dated June 25, 2001, determined "the record does not support the [d]eputy [c]ommissioner's conclusion that the parties stipulated that the claimant was due $27,467.91."  Finding "the [d]eputy [c]ommissioner failed to calculate the amount due" in accordance with the remand order, the commission computed "claimant was due $27,467.91 plus an additional $1024.68 . . . , [but] was paid $57,197.46."  Accordingly, the commission awarded employer "a credit in the amount of the overpayment, $28,704.87."  To provide recoupment to carrier, the commission ordered reduction of "the amount of claimant's weekly payment by one-fourth, . . . $27.00 each week," pursuant to Code § 65.2-520.  Claimant appeals to this Court.

-

II.

Claimant first contends the commission's "fact finding" erroneously "accept[ed] the ledger of the [carrier] . . . where the cross-examination . . . clearly established that multiple and repeated uncorrected and unexplained errors were made in the log."

Factual findings by the commission supported by credible evidence are conclusive and binding upon this Court. Rose v. Red's Hitch & Trailer Serv., Inc., 11 Va. App. 55, 60, 396 S.E.2d 392, 395 (1990). "In determining whether credible evidence exists, [this Court will] not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

In adjudicating claimant's appeal, the commission concluded that

> claimant had the opportunity at the hearing to challenge the accuracy of the carrier's records and cross-examined Alice Pleasant. The claimant presented no factual evidence that refuted Pleasant's testimony or impeached the accuracy of the carrier's ledger system. The Deputy Commissioner correctly found that any reference to payment or permanent partial disability was irrelevant to the period in question. Pleasant also adequately explained the errors and showed how the errors were corrected by subsequent checks.

Thus, the commission relied upon the ledgers, together with the testimony of Pleasant and related evidence, to establish an

-

overpayment credit due carrier, a factual finding supported by the record.

### III.

Claimant next complains the commission erroneously permitted carrier to recover an overpayment that resulted from carrier's "unilateral mistake."

Code § 65.2-520 provides, in pertinent part, that

> [a]ny payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this title were not due and payable when made, may, subject to the approval of the Commission, be deducted from the amount to be paid as compensation provided that, in the case of disability, such deductions shall be made by reducing the amount of the weekly payment in the amount not to exceed one-fourth of the amount of the weekly payment for as long as is necessary for the employer to recover his voluntary payment.

In Virginia Int'l Terminals, Inc. v. Moore, 22 Va. App. 396, 470 S.E.2d 574 (1996), aff'd, 254 Va. 46, 486 S.E.2d 528 (1997), we determined "an employer is entitled to a credit for any 'voluntary payment' it may have made to the employee. As defined by the statute, a payment is 'voluntary' if it was not 'due and payable' by 'the terms of this title' when made." Id. at 405, 470 S.E.2d at 578-79.

Here, the overpayments were properly deemed "voluntary" by the commission because, when paid and received, the monies were not "due and payable" to claimant under "the terms of" the

-

Workers' Compensation Act.  <u>See</u> Code § 65.2-520.  Thus, carrier

is entitled to recoupment, and the commission properly

"reduc[ed] the amount of claimant's weekly payment by

one-fourth"[2] pursuant to Code § 65.2-520.

Accordingly, the commission correctly calculated the

overpayments in issue and ordered a recovery in accordance with

statute, and we affirm the decision.

<u>Affirmed.</u>

---

[2] In distinguishing the instant record from an unpublished
opinion of this Court cited by claimant, the commission found
the overpayment error in issue here was "obvious" to claimant,
known by her when the "checks were sent" and, therefore, not a
"unilateral" mistake.