COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Clements and Haley
Argued at Chesapeake, Virginia


DENNIS E. LYONS

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0304-05-1              JUDGE LARRY G. ELDER
                                             DECEMBER 28, 2005
NEWPORT NEWS SHIPBUILDING AND
 DRY DOCK COMPANY


                FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Matthew D. Meadows (Richard B. Donaldson, Jr.; Jones, Blechman,
            Woltz & Kelly, P.C., on brief), for appellant.

            Jonathan H. Walker (Mason, Mason, Walker & Hedrick, P.C., on
            brief), for appellee.


        Dennis E. Lyons (claimant) appeals from a decision of the Workers' Compensation

Commission awarding Newport News Shipbuilding and Dry Dock Company (employer) a credit

under the Virginia Workers' Compensation Act (the Act) for benefits it paid to him pursuant to a

federal workers' compensation statute.  On appeal, claimant contends the Act permits a credit

only for periods of time during which compensation benefits were actually paid and that, because

no state award was ever issued to run concurrently with the relevant federal payments, employer

was not entitled to credit for the payments it made pursuant to the federal statute.  We hold as a

matter of law under the facts of this case that a *de facto* award existed under the Act for the

period of time during which employer paid benefits under the federal statute.  Employer was

entitled to a credit for the federal payments it made as against the *de facto* state award, and we

need not consider what result would obtain if no state award had been entered to run

─────────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

concurrently with the period of disability for which the federal payments were made. Thus, we affirm the portion of the commission's decision holding employer was entitled to a credit but vacate the portion of the commission's decision allocating that credit to the subsequent rather than concurrent period of disability, and we remand for further proceedings consistent with this opinion.

I.

On April 20, 1998, claimant sustained a compensable injury to his right elbow while performing sandblasting work for employer. Employer accepted the injury as compensable and paid temporary total disability benefits pursuant to the Act from April 28, 1998, through September 15, 1998. On November 9, 1998, the parties filed a Memorandum of Agreement and Agreed Statement of Fact reflecting those payments. The commission then entered an award for that period of disability, indicating that, "Benefits having been paid, this award is for record purposes only."

Claimant was released to return to work on September 16, 1998, but again became temporarily and totally disabled on October 28, 1998, as a result of shoulder surgery apparently necessitated by the compensable injury. By letter filed December 8, 1998, claimant notified the commission of this disability. Claimant asked that employer provide an appropriate Supplemental Memorandum of Agreement to reflect that fact and said that, if such an agreement was not forthcoming, he would request a hearing.[1] The commission then sent employer its standard form asking for employer's position on claimant's request for a resumption of temporary total disability benefits. Employer checked the line indicating that the "claim is accepted as compensable" and noted that "claimant is currently being paid under [the federal

---

[1] Although claimant did not request a hearing, the commission apparently scheduled one for May 3, 1999. By the time of the hearing, a different dispute had developed between the parties, as discussed further in the text.

Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901 to 950]." Employer paid pursuant to the LHWCA from October 28, 1998, through March 21, 1999, but neither party took additional steps to seek entry of an award pursuant to the State Act for this period of time.

Effective March 21, 1999, employer ceased making temporary total disability payments pursuant to the LHWCA and resumed payments pursuant to the State Act. The parties submitted a Supplemental Memorandum of Agreement showing employer resumed payment of temporary total disability benefits under the State Act on March 22, 1999, and on May 25, 1999, the commission entered an award reflecting that resumption. Claimant received temporary total disability benefits pursuant to the State Act through May 25, 2002. The temporary total disability award was terminated as of that date. Thereafter, the commission awarded claimant temporary partial disability compensation from that date forward based on his return to work for a different employer at a rate lower than his pre-injury average weekly wage. At that time, employer began to pay temporary partial disability benefits but paid at a reduced rate based on its position that it was entitled to a credit for the total dollar amount of temporary total disability benefits paid pursuant to the LHWCA between October 28, 1998, and March 21, 1999, for which period of time no state award was ever entered. Claimant sought an order directing employer to comply with the temporary partial disability award and for an award of penalties based on what he contended were employer's underpayments of those benefits.

The deputy commissioner ruled the employer's credit claim was barred by *res judicata* based on a prior claim for credit that had been denied. He held in the alternative that, even if *res judicata* did not bar the claim, the credit provisions of Code § 65.2-520 did not apply. He relied on the language of the statute, which allows credit for "[a]ny payments made by the employer to the injured employer *during the period of his disability* . . . which by the terms of this title were

not due and payable when made." He ruled that because claimant made no claim for disability under the Act for the period between October 28, 1998, and March 21, 1999, and because employer presented no evidence that claimant was disabled under the Act during that period, employer was not entitled to the requested credit. He reasoned that "[i]f the claimant were disabled during that period under the Virginia act, then an award would be appropriate for that period and the employer would be credited for payments already made for that time period." The deputy held "that is not the case" and "that § 65.2-520 is not applicable."

On request for review, the commission unanimously ruled that *res judicata* did not bar employer's credit request and that employer would be allowed the dollar-for-dollar credit it sought. In granting employer's request for a credit, it reasoned as follows:

> [E]mployer seeks a dollar-for-dollar credit for payments made under the LHWCA from October 28, 1998, through March 21, 1999. To date, the claimant has not received an Award under the State Act for this period. The employer seeks a credit for the money it paid under the LHWCA, about $9,000, and to apply that credit against the October 25, 2002, award for temporary partial benefits.
>
> This decision is controlled by Moore v. Virginia International Terminals, Inc., 254 Va. 46, 486 S.E.2d 528 (1997). In Moore, the Supreme Court affirmed the Court of Appeals holding that Virginia Code § 65.2-520 allows an employer to recover a dollar-for-dollar credit for the amount paid under the LHWCA that exceeded its obligation owed under the State Act. Therefore, the employer is entitled to a credit against the State award and subject to the 25% limitation of Virginia Code § 65.2-520.

Claimant noted this appeal.

## II.

On appeal of the commission's decision, claimant contends that any credit to which employer was entitled pursuant to Code § 65.2-520 was limited to those periods of time during which claimant received concurrent disability payments pursuant to both the State Act and some

other source. We hold as a matter of law under the facts of this case that a *de facto* award existed under the State Act for the period of time during which employer paid benefits under the LHWCA. Employer was entitled to a credit for the payments it made under the LHWCA as against the *de facto* state award, and we need not consider what result would obtain if no state award had been entered to run concurrently with the period of disability for which the LHWCA payments were made.

Code § 65.2-520 provides as follows:

### § 65.2-520. Voluntary payment by employer

Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which by the terms of this title were not due and payable when made, may, subject to the approval of the Commission, be deducted from the amount to be paid as compensation provided that, in the case of disability, such deductions shall be made by reducing the amount of the weekly payment in an amount not to exceed one-fourth of the amount of the weekly payment for as long as is necessary for the employer to recover his voluntary payment.

It is well established that "disability payments [an] employer pa[ys a] claimant under the LHWCA [are] 'voluntary' [where] . . . they were not 'due and payable under 'the terms of' the Virginia Act [when paid]." Va. Int'l Terms., Inc. v. Moore, 22 Va. App. 396, 405, 470 S.E.2d 574, 578 (1996), aff'd, 254 Va. 46, 486 S.E.2d 528 (1997); see Newport News Shipbuilding & Dry Dock Co. v. Holmes, 37 Va. App. 188, 191-92, 555 S.E.2d 419, 421 (2001). Although "an injured worker may proceed under either or both statutes," he "is entitled to only a single recovery for his injuries." Moore, 254 Va. at 49, 486 S.E.2d at 529. "'[D]ouble recovery under concurrent jurisdiction will not be allowed,'" id. (quoting American Foods v. Ford, 221 Va. 557, 561, 272 S.E.2d 187, 190 (1980)), because "'employers' awards under one compensation scheme would be credited against any recovery under the second scheme,'" id. (quoting Sun Ship, Inc. v.

Pennsylvania, 447 U.S. 715, 725 n.8, 100 S. Ct. 2432, 2439 n.8, 65 L. Ed. 2d 458, 466 n.8 (1980)).

It is well settled that "[t]he [Act] encourages the voluntary settlement of claims arising from compensable injuries" and that "when agreements as to settlements are reached they must be memorialized in a memorandum of agreement filed with the commission."  Nat'l Linen Serv. v. McGuinn, 5 Va. App. 265, 268, 362 S.E.2d 187, 188-89 (1987) (en banc) (interpreting former Code §§ 65.1-45 and -93, predecessors to present Code § 65.2-701).  It is equally well settled that

> where the employer has stipulated to the compensability of the claim, has made payments to the employee for some significant period of time without filing a memorandum of agreement, and fails to contest the compensability of the injury[, the period of disability, or the compensation rate], it is "reasonable to infer that the parties ha[ve] reached an agreement as to the payment of compensation," and a *de facto* award will be recognized.

Ryan's Family Steak Houses, Inc. v. Gowan, 32 Va. App. 459, 463, 528 S.E.2d 720, 722 (2000) (noting that General Assembly recodified and then revised applicable statute after decision in McGuinn and neither rejected nor modified our interpretation of statute in McGuinn) (quoting McGuinn, 5 Va. App. at 269-70, 362 S.E.2d at 189); see Watts v. P & J Hauling, Inc., 41 Va. App. 278, 285-86, 584 S.E.2d 457, 461 (2003) (holding commission did not err in finding no *de facto* award where employer paid compensation but disagreement existed over amount of average weekly wage).  "Whether an agreement between the parties pertains to an initial award or a supplemental award following a change of condition, the employer is still obligated to file a memorandum of agreement with the commission."  Henrico Public Utils. v. Taylor, 34 Va. App. 233, 239, 540 S.E.2d 501, 505 (2001).

Here, employer conceded the compensability of claimant's disability under the State Act for the period of October 28, 1998, to March 21, 1999, and it did so in a writing filed with the

commission.  However, it never submitted a memorandum of agreement for the relevant period as required by our case law.  On these undisputed facts, we hold that a *de facto* award existed. Thus, under Code § 65.2-520, employer was entitled under the facts of this case to a credit for benefits it paid pursuant to the LHWCA for the period of October 28, 1998, to March 21, 1999, as against the *de facto* state award covering the same period of time.  Because employer's credit was exhausted by the obligation due under the concurrent *de facto* state award, a scenario contemplated by the commission in a hypothetical,[2] we need not consider what result would obtain if no state award had been entered to run concurrently with the period for which LHWCA payments were made.

III.

For these reasons, we affirm the commission's decision that employer was entitled to a credit but vacate the portion of the commission's decision allocating that credit to the subsequent rather than concurrent period of disability, and we remand for further proceedings consistent with this opinion.

Affirmed, in part, and vacated and remanded, in part.

---

[2] Although the commission held no award had been entered, it included the following analysis in a footnote:

> The employer would not be entitled to the credit if the claimant had received a State award for October 28, 1998, through March 21, 1999.  Had the claimant received such an award, there would not have been any overpayment because the employer's payments under the LHWCA would not have exceeded its State award obligation.