COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Clements
Argued at Chesapeake, Virginia


NEWPORT NEWS SHIPBUILDING AND
 DRY DOCK COMPANY
                                            OPINION BY
v.    Record No. 0899-01-1           JUDGE RICHARD S. BRAY
                                          DECEMBER 4, 2001
MARY GERTRUDE HOLMES


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Christopher R. Hedrick (Mason, Cowardin &
          Mason, P.C., on brief), for appellant.

          Richard B. Donaldson, Jr. (Jones, Blechman,
          Woltz & Kelly, P.C., on brief), for appellee.


     Newport News Shipbuilding and Dry Dock Company (employer)

appeals the determination of the Workers' Compensation

Commission (commission) that employer, seeking to recoup a

credit accrued from payments to claimant in accordance with the

federal Longshore and Harbor Workers' Compensation Act (LHWCA),

wrongfully suspended compensation benefits subsequently awarded

claimant pursuant to the Workers' Compensation Act (Act).

Additionally, employer appeals the penalty assessed by the

commission on such suspended compensation.  Finding no error, we

affirm the decision.

                              I.

     The substantive facts and procedural history are

uncontroverted.  On August 13, 1993 claimant sustained a

work-related injury, which entitled her to benefits pursuant to both the LHWCA and the Act. Initially, she pursued and received a LHWCA disability award but, "to protect her right to all benefits . . . under the . . . Act," also lodged a related claim with the commission, then advising the commission, "[n]o hearing is requested at this time."[1]

After claimant had received LHWCA benefits totaling $68,942.78, employer terminated payments on August 30, 1998. Thereafter, by letter to the commission dated September 21, 1998, claimant "request[ed] that this matter be moved to the hearing docket on an expedited basis to request . . . benefits [under the Act] beginning August 31, 1998, and continuing." The parties subsequently agreed to a schedule of compensation to claimant for various periods of disability, including a lump sum of $21,831.22 for "a 50% permanent partial disability to the left leg" and "[t]emporary partial disability . . . of $104.87 per week from 1/19/99 to the present and continuing," and the commission so ordered.

On May 8, 2000, claimant notified the commission that employer had unilaterally ceased payment of the $104.87 weekly benefit on July 4, 1999, and, pursuant to Code § 65.2-254,

---

[1] In response, the commission acknowledged the claim and notified both employer and claimant, without objection, "[n]o further action will be taken . . . until requested by the parties."

-

sought assessment of a twenty percent penalty on "all payments in arrears more than two weeks." The commission immediately granted claimant's motion. However, within several days, employer objected, advising the commission that, after realizing "that payments had also been made under the [LHWCA]," employer was "now taking a dollar for dollar credit" against the award. The dispute was promptly designated "for determination on the record," and each party was directed to submit written "statements of position" and related documentary proofs for further consideration by the commission.

Guided by Moore v. Va. Int'l Terminals, Inc., 254 Va. 46, 486 S.E.2d 528 (1997) (Moore II), and an unpublished opinion of this Court, Dodson v. Newport News Shipbuilding & Dry Dock Co., Record No. 0278-99-1 (Va. Ct. App., Aug. 10, 1999), the deputy commissioner decided that, while employer was entitled to a credit for LHWCA benefits previously paid to claimant, "the method by which overpayments are to be recognized" was governed by the "requirements of [Code] § 65.2-520." Thus, employer's recoupment was limited "to . . . a reduction of one-fourth of the amount of weekly payments" due claimant "through the present and continuing," not a suspension of benefits. Additionally, pursuant to Code § 65.2-524, the deputy assessed a statutory penalty against employer upon those payments wrongfully withheld from claimant's award under the Act. The commission affirmed the decision following appeal by employer.

-

Employer now appeals to this Court, disputing the application of Code § 65.2-520 to limit recoupment of payments made pursuant the LHWCA, and the related penalty.

## II.

Code § 65.2-520 provides, in pertinent part, that

> [a]ny payments made by the employer to the injured employee during the period of his disability . . ., which by the terms of this title were not due and payable when made, may, subject to the approval of the Commission, be deducted from the amount to be paid as compensation provided that, in the case of disability, such deductions shall be made by reducing the amount of the weekly payment in an amount not to exceed one-fourth of the amount of the weekly payment for as long as is necessary for the employer to recover his voluntary payment.

Employer correctly concedes "that numerous appellate decisions have considered payments under the [LHWCA] in the context of 'voluntary payments' as defined by § 65.2-520." See, e.g., Va. Int'l Terminals, Inc. v. Moore, 22 Va. App. 396, 405, 470 S.E.2d 574, 578 (1996) (Moore I) ("[D]isability payments employer paid claimant under the LHWCA were 'voluntary' because . . . they were not 'due and payable' under 'the terms of' the Virginia Act."), aff'd, 254 Va. 46, 486 S.E.2d 528 (1997). However, employer posits that application of the statute to the instant facts would confer benefits upon claimant violative of Code § 65.2-518 and inconsistent with the rationale of Moore II and,

-

further, encourage delay in the prosecution of like claims under the Act.[2]

Code § 65.2-518 limits "total compensation under this title" to "500 weeks" or "the average weekly wage of the Commonwealth . . . for the applicable year [multiplied] by 500." Moore II instructs that "[w]here, as here, a worker is covered by both the [LHWCA] and the state [Act], . . . the injured worker may proceed under either or both statutes" but "is entitled to only a single recovery for his injuries." Moore II, 254 Va. at 49, 486 S.E.2d at 529 (citations omitted). Thus, the Court in Moore II construed Code § 65.2-520 to assure an employer a "dollar for dollar" credit for LHWCA compensation benefits paid an injured employee against like benefits due under the Act, thereby avoiding an impermissible "double recovery." Id. at 50, 486 S.E.2d at 530. Employer, therefore, reasons the commission may not restrict recovery of LHWCA credits under Code § 65.2-520 with the result that claimant receives both a "total recovery" violative of Code § 65.2-518 and a "double recovery" contrary to Moore II. Employer's argument misconstrues both Code § 65.2-518 and Moore II.

---

[2] Employer's uncontroverted calculations reflect that recoupment at the statutory rate, $26.21 per week (25% of $104.87), would permit "recapture" of only $42,944.04 from claimant over the benefit period under the Act, resulting in a "windfall" to claimant of $25,998.74 and a "pennies-for-dollar" credit recovery for employer.

-

The benefit limitations prescribed by Code § 65.2-518 are restricted to "total compensation payable under" the Act. Therefore, recoupment of credits resulting from voluntary payments by an employer to an injured employee of monies, "not due and payable [under the Act] when made," is a circumstance clearly not contemplated by Code § 65.2-518 but, rather, specifically embraced by Code § 65.2-520.  Code § 65.2-520 (emphasis added).  Code § 65.2-520 facilitates an employer's right to collect LHWCA credits by "deductions" from compensation due an employee under the Act but expressly restricts such offsets to one-fourth of the "weekly payment."  Code § 65.2-520 creates no alternative or exception to the collection mechanism to redress circumstances that may result in a diminished recovery by an employer.  "If a statute is clear and unambiguous, a court will give the statute its plain meaning." Loudoun Co. Dep't of Soc. Servs. v. Etzold, 245 Va. 80, 84, 425 S.E.2d 800, 802 (1993) (citations omitted).

Similarly, a proper reading of Moore II offers no support for employer's argument.  Moore II simply affirms the well established principle disfavoring double recovery by an employee of benefits arising from the same industrial accident and construes Code § 65.2-520 to allow a "dollar for dollar" recoupment by an employer of overpayment credits.  Id. at 49-50, 486 S.E.2d at 530.  Moore II neither disapproves the method of recovery specified by Code § 65.2-520 nor suggests exceptions to

-

preclude shortfalls to employer or windfalls to employee. To the contrary, the court defers to the "clear intent of the General Assembly" in construing Code § 65.2-520, thereby countenancing the explicit statutory limitations upon recovery of overpayment credits.

Lastly, employer maintains that the promise of undeserved benefits resulting from statutory limitations upon an employer's recoupment of overpayments would encourage claimants receiving benefits pursuant to the LHWCA to delay a proceeding under the Act and urges this Court to fashion a remedy to this perceived deficiency in the statutory scheme. However, such public policy determinations are within the province of the legislature, not the judiciary. Thus, absent evidence that the instant claim was time-barred by the Act or attendant Rules of the Commission, we decline employer's invitation to impose a judicial limitation.

III.

Claimant's brief includes a conclusionary prayer for "interest due under [Code] § 65.2-707 [and] attorney's fees and costs due under [Code §] 65.2-713." A review of the record discloses claimant requested "an award of attorney's fees" in correspondence to the commission dated May 25, 2000. In subsequently deciding the instant cause, the deputy expressly did "not find" claimant entitled to "any attorney's fees under [Code] § 65.2-513 [sic]," a decision claimant did not submit for review by the commission. Accordingly, the commission did not

-

address the issue and we decline to entertain it on appeal. With respect to an award of fees and costs incident to the proceedings before this Court, we find "reasonable grounds" supported employer's defense and deny claimant such relief. Code § 65.2-713(A).

Accordingly, the commission properly limited employer's right of recoupment to the method prescribed by Code § 65.2-520 and correctly assessed a penalty on those benefit payments withheld contrary to statute. We, therefore, affirm the decision and remand the proceedings to the commission solely for entry of an appropriate order directing the immediate payment of those benefits improperly withheld by employer, together with the attendant penalty and interest, and the restoration of benefits to claimant, subject to the provisions of Code § 65.2-520.

<u>Affirmed and remanded.</u>