COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Senior Judge Hodges


NEWPORT NEWS SHIPBUILDING AND
 DRY DOCK COMPANY
                                      MEMORANDUM OPINION*
v.    Record No. 2768-01-1               PER CURIAM
                                        MARCH 5, 2002
DENNIS E. EMERSON


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Jonathan H. Walker; Mason, Cowardin & Mason,
            P.C., on briefs), for appellant.

            (Richard B. Donaldson, Jr.; Jones, Blechman,
            Woltz & Kelly, P.C., on brief), for appellee.


        Newport News Shipbuilding and Dry Dock Company (employer)

contends the Workers' Compensation Commission erred in (1)

finding that the pre-1998 version of Code § 65.2-520 limits

employer's recovery of any dollar for dollar credit for

voluntary payments to Dennis E. Emerson (claimant) made under

the federal Longshore and Harbor Workers' Compensation Act

(LHWCA); and (2) assessing a penalty pursuant to Code § 65.2-524

against employer for failure to make timely payment to claimant

pursuant to an outstanding award after it unilaterally ceased

such payments effective July 5, 2000.  Pursuant to Rule 5A:21,

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

claimant raises the additional question of whether employer must repay immediately, and in a lump sum, all the payments withheld from claimant in violation of Code § 65.2-520 as ordered by the commission. Upon reviewing the record and the parties' briefs, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. Rule 5A:27.

The issues in this case are controlled by our recent decision in Newport News Shipbuilding and Dry Dock Co. v. Holmes, 37 Va. App. 188, 555 S.E.2d 419 (2001), wherein we addressed a similar factual situation and issues similar to those raised by employer in this appeal.[1]

In Holmes, we held as follows:

> Code § 65.2-520 facilitates an employer's right to collect LHWCA credits by "deductions" from compensation due an employee under the Act but expressly restricts such offsets to one-fourth of the "weekly payment." Code § 65.2-520 creates no alternative or exception to the collection mechanism to redress circumstances that may result in a diminished recovery by an employer.

---

[1] We note employer's failure to cite the Holmes decision in its opening brief, although this Court rendered that decision on December 4, 2001, well before employer filed its opening brief in this case on December 20, 2001. In addition, the law firm representing employer in this case is the same law firm that represented employer in Holmes.

<u>Id.</u> at 192-93, 555 S.E.2d at 421-22.[2]  We concluded that "the commission properly limited employer's right of recoupment to the method prescribed by Code § 65.2-520 and correctly assessed a penalty on those benefit payments withheld contrary to statute."  <u>Id.</u> at 194, 555 S.E.2d at 422.  Therefore, for these reasons and those more fully set forth in <u>Holmes</u>, we affirm the commission's decision.

In his brief, claimant requested that we "uphold the Commission's order and require Employer to pay immediately all payments wrongfully withheld from Emerson, interest, and costs, in addition to the assessed penalty."  Because the commission ordered such relief in its September 24, 2001 opinion, which we have affirmed, we need not address this issue.

<u>Affirmed</u>.

---

[2] While we recognize that the pre-1998 version of Code § 65.2-520 applies to this case, the outcome, under our holding in <u>Holmes</u>, is the same.  As the commission found, the provisions of the pre-1998 version of Code § 65.2-520 provided the only method of recoupment for employer, requiring it to deduct payments not due and payable when made, by shortening the period during which compensation must be paid and not by reducing the amount of the weekly payment.  Employer did not follow the method prescribed by the pre-1998 version of Code § 65.2-520 nor did it follow the method prescribed after the 1998 amendment to Code § 65.2-520.  Rather, employer unilaterally ceased payment under the commission's award of temporary total disability benefits effective July 5, 2000, contrary to Code § 65.2-520.