COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton,[*] Judges Frank and Clements
Argued at Chesapeake, Virginia


NEWPORT NEWS SHIPBUILDING
 AND DRY DOCK COMPANY

                                              MEMORANDUM OPINION[**] BY
v.        Record No. 2314-05-1          CHIEF JUDGE WALTER S. FELTON, JR.
                                                    APRIL 4, 2006
MARY GERTRUDE HOLMES


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Christopher R. Hedrick (Mason, Mason, Walker & Hedrick, P.C., on
            brief), for appellant.

            Matthew D. Meadows (Richard B. Donaldson, Jr.; Jones, Blechman,
            Woltz & Kelly, P.C., on brief), for appellee.


        Newport News Shipbuilding and Dry Dock Company ("employer") appeals a decision of

the Virginia Workers' Compensation Commission ("commission"), holding that employer had not

paid Mary Gertrude Holmes ("claimant") 500 weeks of wage loss compensation benefits pursuant

to an award under the Virginia Workers' Compensation Act ("Virginia Act") because employer's

payments to claimant under the federal Longshore Harbor Workers' Compensation Act

("LHWCA") were voluntary and could not be taken into account when calculating the total amount

of claimant's compensation benefits under the Virginia Act.  Bound by our decision in Newport

News Shipbuilding and Dry Dock Co. v. Holmes, 37 Va. App. 188, 555 S.E.2d 419 (2001)

("Holmes I"), we affirm the commission's decision.

_____

        [*] On April 1, 2006, Judge Felton succeeded Judge Fitzpatrick as chief judge.

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

The facts and procedural history of this case are undisputed. Claimant sustained a work-related injury August 13, 1993, which was compensible by the same employer under both the LHWCA and the Virginia Act. She initially filed for, and received, benefits under the LHWCA but, "'to protect her right to all benefits . . . under the . . . [Virginia] Act,' [she] also lodged a related claim with the commission, then advising the commission, '[n]o hearing is requested at this time.'" Holmes I, 37 Va. App. at 190, 555 S.E.2d at 420. Employer paid claimant wage loss compensation benefits totaling $68,942.78 under the LHWCA from August 14, 1993 to August 30, 1998, a period of 263 2/7 weeks.

After exhausting her benefits under the LHWCA, claimant requested an expedited hearing before the commission, seeking wage loss compensation benefits under the Virginia Act. The commission awarded compensation benefits "from August 31, 1998 and continuing." On July 4, 1999, employer unilaterally ceased payments to claimant asserting that it was taking a "dollar for dollar credit" for compensation benefits it paid claimant pursuant to the LHWCA. This Court affirmed the commission, ordering employer to resume payments to claimant and to collect its credit in the manner prescribed by Code § 65.2-520.[1] Holmes I, 37 Va. App. at 194, 555 S.E.2d at 422.

---

[1] Code § 65.2-520 provides,

> Any payments made by the employer to the injured employee during the period of his disability, or to his dependents, which *by the terms of this title* were not due and payable when made, may, subject to the approval of the Commission, be deducted from the amount to be paid as compensation provided that, in the case of disability, such deductions shall be made by reducing the amount of the weekly payment in an amount not to exceed one-fourth of the amount of the weekly payment for as long as is necessary for the employer to recover his voluntary payment.

(Emphasis added).

Employer resumed payments to claimant, reducing the weekly amount by one-fourth pursuant to Code § 65.2-520, until January 15, 2004. On that date, employer filed an Application for Hearing to terminate the award, claiming that it had paid claimant compensation "beyond the 500 week limitation set forth in Code § 65.2-518."[2] Employer asserted that as of October 26, 2003, claimant had received a total of 532 2/7 weeks of compensation for the same injury, 263 2/7 weeks paid under the LHWCA, and 269 weeks paid pursuant to the claimant's Virginia award.

A deputy commissioner found that claimant "ha[d] not received the maximum amount of compensation allowed by [Code] § 65.2-518" because "payments under the LHWCA cannot be considered payments of compensation 'payable under this title.'" The deputy commissioner determined that employer was "entitled to collect its credit for payments under the LHWCA [only] by reducing [claimant]'s weekly compensation payments under the Act by no more than one-fourth" in compliance with the credit mechanism of Code § 65.2-520.

On review, the full commission affirmed, noting that it was bound by our decision in Holmes I, "that an employer's right to collect LHWCA credits by deductions from workers' compensation benefits was restricted to one-fourth of the weekly payment, even if time limitations could result in a diminished recovery" by employer.

## II. ANALYSIS

On appeal, employer argues that it paid claimant wage loss compensation benefits for her 1993 injury for a total of 532 weeks, exceeding Code § 65.2-518's 500-week limitation. Employer contends that the payments it made to claimant pursuant to the LHWCA were involuntary,[3] and

---

[2] Code § 65.2-518 provides that "[t]he total compensation *payable under this title* shall in no case be greater than 500 weeks nor shall it exceed the result obtained by multiplying the average weekly wage of the Commonwealth as defined in § 65.2-500 for the applicable year by 500." (Emphasis added).

[3] Employer "concedes that this Court has considered payments made under the [LHWCA] . . . to be 'voluntary payments' as defined by [Code] § 65.2-520." However,

therefore, should be taken into account when calculating the total amount of claimant's benefits under the Virginia Act. Specifically, employer asserts that "claimant's election to receive benefits under the LHWCA for the first 263 weeks should not, and cannot result in her receiving more than 500 weeks of compensation under Code § 65.2-518." To hold otherwise, employer argues, affords claimant a windfall by permitting her double recovery for the same injury from the same employer in contradiction to the long-standing public policy against double recovery recognized by the Supreme Court of Virginia. See Moore v. Va. Int'l Terminals, 254 Va. 46, 49, 486 S.E.2d 528, 529 (1997) (quoting American Foods v. Ford, 221 Va. 557, 561, 272 S.E.2d 187, 190 (1980) (holding "[d]ouble recovery under concurrent jurisdiction will not be allowed")).

This Court previously addressed employer's contentions in Holmes I. There, we noted that the "disability payments employer paid claimant under the LHWCA were 'voluntary' because . . . they were not 'due and payable' under 'the terms of' the Virginia Act," Holmes I, 37 Va. App. at 191, 55 S.E.2d at 421 (quoting Va. Int'l Terminals, Inc. v. Moore, 22 Va. App. 396, 405, 470 S.E.2d 574, 578 (1996), aff'd, 254 Va. 46, 486 S.E.2d 528 (1997)), and therefore, "not contemplated by Code § 65.2-518." Id. Rather, we observed, "recoupment of credits resulting from voluntary payments by an employer to an injured employee of monies, *not due and payable* [under the Virginia Act] *when made*, is a circumstance . . . embraced by Code § 65.2-520," id. (emphasis in original), which limits an employer's collection of LHWCA credits to deducting one-fourth of the amount of an injured employee's weekly compensation payment under the Virginia Act. Code § 65.2-520.

Furthermore, we held that "Code § 65.2-520 creates no alternative or exception to the collection mechanism to redress circumstances that may result in a diminished recovery by an

employer continues to assert that "payments made pursuant to the [LHWCA] are incorrectly deemed to be 'voluntary' because they are compelled pursuant to a federal statute."

employer." We noted that the Supreme Court of Virginia neither "disapprove[d] the method of recovery specified by Code § 65.2-520 nor suggest[ed] exceptions to preclude shortfalls to employer or windfalls to employee," and concluded that "such public policy determinations are within the province of the legislature, not the judiciary." Id.

"The decision of that panel . . . has become the law of the case," Carter v. Commonwealth, 16 Va. App. 42, 44, 427 S.E.2d 736, 738 (1993) (citing Steinman v. Clinchfield Coal Corp., 122 Va. 611, 621-22, 93 S.E. 684, 687 (1917); Kaufman v. Kaufman, 12 Va. App. 1200, 1208, 409 S.E.2d 1, 6 (1991)), and "[r]ight or wrong, it is binding" on this Court. Fox v. Fox, 41 Va. App. 88, 95, 581 S.E.2d 904, 908 (2003) (citations omitted). Accordingly, we affirm the decision of the commission.

Affirmed.