COURT OF APPEALS OF VIRGINIA


Present:   Judges Kelsey, Haley and Petty
Argued at Alexandria, Virginia


KENT D.M. BURSTEIN

v.     Record No. 1995-06-4

ANNE M. MORRISS

MEMORANDUM OPINION* BY
JUDGE JAMES W. HALEY, JR.
AUGUST 14, 2007


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Arthur B. Vieregg, Judge

Demian J. McGarry (Gwendolyn Jo M. Carlberg; The Carlberg Law
Firm, on brief), for appellant.

Donne L. Colton (Delaney, McCarthy & Colton, P.C., on brief), for
appellee.


Kent D.M. Burstein (husband) maintains the trial court erred:  (1) by denying him an interest

in proceeds from the sale of real property purchased before the marriage by Anne M. Morriss (wife)

and her father; (2) in not diminishing his statutory burden of proof to establish that interest, because

of wife's misrepresentations and violation of discovery orders; and (3) in not granting him credit for

mortgage principal paydown associated with that real property.

By cross-assignment, wife maintains the trial court erred in awarding husband $5,000 in

attorney's fees as a sanction for her misrepresentations and discovery violations.

We affirm.

FACTS

In 1989, wife and her father purchased a nineteenth century Victorian house and land,

located at 109 Hale Street, Fayetteville, North Carolina (Hale Street property).  The Hale Street

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

property was titled in, and remained titled in, their names alone until sold in 1998. At the time of their purchase, the structure located on the land at 109 Hale Street had been condemned as not habitable. Wife and her father made renovations and improvements to that structure between 1989 and 1996, rendering it habitable.

Husband and wife were married on December 18, 1996, and lived together at the Hale Street property until it was sold on June 19, 1998. Husband and wife made mortgage payments on the Hale Street property from their joint checking account from December 1996, to June 1998. In addition, during that time frame they obtained a $50,000 equity line of credit to make further improvements to the structure. At trial, husband presented bills for some of the labor and materials associated with these improvements during their occupancy (though no records from marital bank accounts) and testified as to his personal efforts towards the same. Husband further presented evidence suggesting that marital funds were applied to reduce the 1989 loan principal in the amount of $2,467. He also offered evidence to show that the original loan balance of $93,699 on March 23, 1989, the date of the original purchase by wife and her father, had been reduced to $80,617.55 by September 29, 1997. Wife did not appear or otherwise offer her testimony at trial.

On June 19, 1998, the Hale Street property was sold. Husband joined wife and her father in executing the deed and signing the HUD-1 closing statement. That statement shows a sale price of $300,000 and, after deductions including a pay-off of both the original mortgage and credit line loan, net proceeds of $149,273.10. Of that sum, wife received $100,000 and her father the balance. It is this $100,000 in which husband claims an interest.

Husband's claim arose in the following unusual manner.

Husband and wife were divorced by final decree of the Circuit Court of Fairfax County on June 2, 2000. The divorce order incorporated a Property Settlement Agreement (PSA) signed by the parties on March 28, 2000. The PSA included a "Full Disclosure" clause, stating that the PSA

"shall become null and void" as to any non-disclosed asset and that "any court having competent jurisdiction . . . shall retain full jurisdiction to divide such additional [non-disclosed] asset(s)." The PSA also included exhibits listing all of the assets and liabilities held by the parties on the date the PSA was signed. Those exhibits did not include wife's proceeds from the sale of the Hale Street property because, as wife's counsel stated in a letter dated September 9, 1999, "she does not have such funds." Relying on that statement, husband signed the PSA.

On June 21, 2005, during a deposition for litigation on other matters related to the divorce, wife disclosed that, in fact, she was in possession of $100,000 from the sale of the Hale Street property. Wife also admitted that she placed the $100,000 in a USAA account, and later transferred $40,000 of those funds to a separate account at Lehman Brothers. A hearing was held before Judge Marcus D. Williams on August 17, 2005, in the Circuit Court of Fairfax County. During the hearing, wife explained why she failed to disclose those assets in the PSA:

> A: I don't consider it mine. It's my children's [sic]. . . .
> THE COURT: How can it not be in [sic] yours if it's in your name and not in your children's [sic] name?
> A: Well, I just don't think of it in those terms. It's tucked away and it can't be touched.
> THE COURT: Why can't it be touched?
> A: It's in a special kind of securities fund. It has to be capped at five years, can't touch it for five years.
> THE COURT: It's still your asset, ma'am.
> A: Okay.

On November 4, 2005, husband filed a motion to enforce the PSA, seeking to divide the $100,000 Hale Street property proceeds as an undisclosed asset pursuant to the full disclosure clause. Wife failed to respond to any discovery requests made by husband. Wife also failed to appear at the scheduled deposition, or to appear at the hearing on husband's motion to compel discovery on May 26, 2006. According to wife's counsel, she relocated to California and did not leave her contact information.

At trial, as noted above, husband offered evidence regarding the costs of improvements, his efforts towards the same, and diminution in the principal balances of the two mortgages. In accordance with the HUD-1 statement, he established the value of the property at $300,000 upon its sale, and net proceeds to wife of $100,000. However, he offered no evidence as to the value of the property before the sale. Rather, he argued to the trial court, as he does here, that because the structure located on the land at 109 Hale Street had been condemned as not habitable in 1989, the then value of the entire property was zero. This, he maintains, should be considered the value of the property prior to his marriage. In short, he assumes the land on which the structure was located was valueless, making no distinction between the value of the land and the value of the structure. Yet, of course, both were sold in 1998.

In a letter opinion dated June 6, 2006, the trial court held that husband had failed in his proof. The trial court wrote, "[T]o prove an increase in value of the North Carolina residence, it was necessary for [husband] to prove its value before and after the improvements were made." The court continued:

> In order to prove such an increase, [husband] had the burden of proving the value of the property prior to the marriage. In the absence of such evidence, value attributable to improvements is conjectural. For example, the property's value might be a function of the value of the land, which, because of its potential land use, would have been worth more *without* the house than with it. In other words, the house may have had a negative value since the house would have to be razed for the property to realize it [sic] highest and best use. In such a case, the only pertinence of the value of the house would be a negative one—the cost of its razing.

(Citations omitted and emphasis in original). Based on this analysis, the trial court ruled that husband "did not sustain his burden of proving that his contributions increased the value of" the Hale Street property.

- 4 -

## STANDARD OF REVIEW

On appeal, we view the evidence in the light most favorable to the prevailing party below. Wright v. Wright, 38 Va. App. 394, 398, 564 S.E.2d 702, 704 (2002).  A decision regarding equitable distribution will not be reversed unless plainly wrong or without evidence to support it. Rahbaran v. Rahbaran, 26 Va. App. 195, 205, 494 S.E.2d 135, 139 (1997).

## HUSBAND'S ASSIGNMENTS OF ERROR

### (a)  Increase in Value of Hale Street Property

Husband first argues the trial court erred in finding he presented insufficient evidence to prove his personal contributions increased the value of the Hale Street property.

Code § 20-107.3(A)(3) states, in pertinent part:

> The court shall classify property as part marital property and part separate property as follows:
> . . . In the case of income received from separate property during the marriage, such income shall be marital property only to the extent it is attributable to the personal efforts of either party.  In the case of the increase in value of separate property during the marriage, such increase in value shall be marital property only to the extent that marital property or the personal efforts of either party have contributed to such increases, provided that any such personal efforts must be significant and result in substantial appreciation of the separate property.
> For purposes of this subdivision, *the nonowning spouse shall bear the burden of proving that (i) contributions of marital property or personal effort were made and (ii) the separate property increased in value.* Once this burden of proof is met, the owning spouse shall bear the burden of proving that the increase in value or some portion thereof was not caused by contributions of marital property or personal effort.

(Emphasis added).  Therefore, in order to meet his burden of proof, husband must prove two things: 1) contributions of marital property, or his personal efforts, were made to the Hale Street property; and 2) the Hale Street property increased in value as a result of those contributions.

In <u>Moran v. Moran</u>, 29 Va. App. 408, 512 S.E.2d 834 (1999), this Court held that husband failed to sufficiently prove his personal efforts contributed to an increase in the value of wife's separate property. We explained:

> The increase in value of separate property becomes marital if the expenditure of marital funds or a married party's personal efforts generated the increase in value. The significant factor, however, is not the amount of effort or funds expended, but rather the fact that value was generated or added by the expenditure or personal effort. . . . Absent evidence that the renovations contributed to a *specific increase in value*, the husband failed to satisfy his initial burden of proof under Code § 20-107.3(A)(3)(a) and to that extent the appreciation cannot be classified as marital property.

<u>Id.</u> at 412, 512 S.E.2d at 836 (citations omitted) (emphasis added). Therefore, in order for husband to meet his burden, "[t]he record should include evidence of the monetary value of [husband's] personal efforts as well as evidence of a substantial increase in the value of the property resulting from those efforts." <u>Bchara v. Bchara</u>, 38 Va. App. 302, 315, 563 S.E.2d 398, 404 (2002) (citing <u>Hart v. Hart</u>, 27 Va. App. 46, 66, 497 S.E.2d 496, 505 (1998) ("It is the value that improvements add to the property, not their cost, that is the proper consideration . . . .")).

We need not address whether husband's evidence showed he had met the first prong of his burden, that is, contributions of marital property and his personal efforts, because he has failed in the second prong. The trial court rejected, as do we, husband's argument that because the structure located on property at 109 Hale Street had been condemned, the value of both the land and that structure was zero, and accordingly zero was the base value against which an increase in was to be measured.

(b) Burden of Proof

Husband maintains the trial court should have diminished his burden of proof with respect to an increase in value because had wife complied with discovery, she would have provided the same.[1]

"In every judicial proceeding . . . the 'burden of proof' is allocated." City of Hopewell v. Tirpak, 28 Va. App. 100, 113, 502 S.E.2d 161, 167 (1998). In Tirpak, this Court explained

> The phrase "burden of proof" refers to two related but distinct concepts: (1) the "burden of production," which is the obligation to make a prima facie case, i.e., to introduce evidence sufficient as a matter of law to enable a rational fact finder to find that a particular proposition of fact is true and (2) the "burden of persuasion," which is the obligation to introduce evidence that actually persuades the fact finder, to the requisite degree of belief, that a particular proposition of fact is true.

Id. at 113-14, 502 S.E.2d at 167-68.

"In accordance with our prior decisions, the moving party bears the burden of proof." Bostick v. Bostick-Bennett, 23 Va. App. 527, 535, 478 S.E.2d 319, 323 (1996). As the Supreme Court of Virginia noted in Roy J. Bucholtz, P.C. v. Computer Based Sys., Inc., 255 Va. 349, 355, 498 S.E.2d 231, 234 (1988), "[i]t is axiomatic that the failure to produce evidence on an issue is held against the party having the burden of proof, not against the party that does not have the burden of proof."

"When the language of a statute is unambiguous, we are bound by the plain meaning of that language." Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007). At common law, in a civil context, the phrase "burden of proof" has long plainly meant a "preponderance of the evidence." West Point v. Evans, 224 Va. 625, 628, 299 S.E.2d 349, 351

---

[1] Initially, we note that the record does not disclose any interrogatories propounded by husband seeking the critical evidence here lacking, that is, a valuation of the real property prior to its sale.

- 7 -

(1983) ("The burden is on a plaintiff to produce evidence of preponderating weight from which the trier of fact can find that the defendant was guilty . . . ."); Bedget v. Lewin, 202 Va. 535, 539, 118 S.E.2d 650, 654 (1961) (stating "the ultimate burden rests upon plaintiff to prove by a preponderance of the evidence"); Kohlsaat v. Parkersburg & Marietta Sand Co., 266 F. 283, 284 (1920) ("Primarily [burden of proof] means the duty resting on one party or the other, usually the party having the affirmative, to establish by preponderance of evidence a proposition essential to the maintenance of the action."). In Robinson v. Matt Mary Moran, Inc., 259 Va. 412, 417-18, 525 S.E.2d 559, 562 (2000), the Supreme Court of Virginia noted that "a decision to abrogate this longstanding common law principle is the proper function of the legislature, not of the courts."

That being said, as quoted above, Code § 20-107.3(A)(3) states, "the nonowning spouse shall bear the burden of proving that . . . the separate property increased in value." As we stated in Bowers v. Bowers, 4 Va. App. 610, 617, 359 S.E.2d 546, 550 (1987):

> Virginia's statute "mandates" that trial courts determine the ownership and value of all real and personal property of the parties. Hodges v. Hodges, 2 Va. App. 508, 516, 347 S.E.2d 134, 139 (1986). But, consistent with established Virginia jurisprudence, the litigants have the burden to present evidence sufficient for the court to discharge its duty. When the party with the burden of proof on an issue fails for lack of proof, he cannot prevail on that question. "[T]he burden is always on the parties to present sufficient evidence to provide the basis on which a proper determination can be made, and the trial court in order to comply . . . must have the evidence before it . . . to grant or deny a monetary award." Id. at 517, 347 S.E.2d at 139.

See also Kelker v. Schmidt, 34 Va. App. 129, 136, 538 S.E.2d 342, 346 (2000).

Husband asks this Court to restructure the statutory burden of proof because of wife's failure to respond to discovery. However, "[w]e may not, by interpretation or otherwise, 'add to a statute language which the legislature has chosen not to include.'" Cartwright v. Cartwright, 49 Va. App. 25, 29, 635 S.E.2d 691, 693 (2006) (quoting County of Amherst Bd. of Supervisors v. Brockman, 224 Va. 391, 397, 297 S.E.2d 805, 808 (1982)). The requested restructuring is one of policy, and

"such public policy determinations are within the province of the legislature, not the judiciary." Newport News Shipbuilding & Dry Dock Co. v. Holmes, 37 Va. App. 188, 193, 555 S.E.2d 419, 422 (2001). Therefore, the trial court was not at liberty to diminish husband's burden of proof, as set forth by the legislature in Code § 20-107.3(A)(3).

### (c) Paydown of Principal

Finally, husband argues the trial court erred in failing to grant judgment to him for the paydown in principal on the Hale Street property during the marriage.

Code § 20-107.3(A)(1) states, in pertinent part, "The increase in value of separate property during the marriage is separate property, unless marital property or the personal efforts of either party have contributed to such increases and then only to the extent of the increases in value attributable to such contributions." As this Court explained in Gilman v. Gilman, 32 Va. App. 104, 119, 526 S.E.2d 763, 770 (2000), "[t]he discharge of a debt secured by an asset that results in an increase in equity in the asset constitutes an 'increase in value,'" for purposes of equitable distribution. However, "[t]he non-owning spouse has the burden of proving that the increase in value was attributable to the contribution of marital property." Id.

As we have held, husband has failed to prove the value of the property at the time of the marriage. Nor has he offered evidence of the balance of the mortgage principal when the parties married, or when marital funds were first used to reduce it. Without both such bases, the trial court could not determine an amount of equity increase in, and value added to, the Hale Street property as a result of the infusion of marital funds. As we have stated, "[t]he significant factor, however, is not the . . . funds expended, but rather the fact that value . . . was generated or added by the expenditure . . . ." Moran, 29 Va. App. at 412, 512 S.E.2d at 836.

We hold, therefore, that the trial court was correct in its determination that husband failed to meet his burden of proving an increase in value attributable to marital funds through the paydown of mortgage principal on the Hale Street property during the marriage.

WIFE'S ASSIGNMENT OF ERROR

Legal Fees

Wife argues that the trial court erred in awarding $5,000 in attorney's fees to husband as sanctions against wife for making false statements intended to mislead and for violating discovery orders. We disagree.

Rule 4:12 permits a judge, following a motion to compel, to require a party that failed to respond to discovery requests "to pay to the moving party the reasonable expenses incurred . . . including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

Rule 4:12 gives trial courts broad discretion in determining what sanctions, if any, will be imposed upon a litigant who fails to respond timely to discovery. Woodbury v. Courtney, 239 Va. 651, 654, 391 S.E.2d 293, 295 (1990); First Charter Land Corp. v. Middle Atlantic Dredging, Inc., 218 Va. 304, 308, 237 S.E.2d 145, 147 (1977). Consequently, we accord deference to the decision of the trial court on appeal, and we will reverse that decision only if the court abused its discretion. Walsh v. Bennett, 260 Va. 171, 175, 530 S.E.2d 904, 907 (2000).

In this cause, wife misstated her assets in the original PSA. Wife also failed to respond to husband's interrogatories and requests for discovery, and she failed to appear for the scheduled deposition. On May 26, 2006, a hearing was held on husband's motion to compel. Wife failed to appear at the hearing, and she did not respond to the resulting order granting husband's motion. Wife also failed to appear at trial. Therefore, the trial court ordered wife to pay attorney's fees, explaining it "cannot condone either false statements intended to mislead an opposing counsel or the

patent and intentional violation of discovery orders." After considering the evidence, and the "balance of the burden related to the circumstances of the parties," the trial court ordered wife to pay attorney's fees to husband, as sanctions, in the amount of $5,000.

Wife argues the trial court's award of attorney's fees was unjust and, therefore, prohibited by Rule 4:12. We disagree. Rule 4:12 clearly contemplates an award of attorney's fees as a sanction for failure to cooperate in discovery. Wife failed to respond or appear, not once, but five times. Wife also misstated her assets. Wife's violations undoubtedly fall within the reach, and the intent, of Rule 4:12. We hold, therefore, that the trial court did not err in sanctioning wife to pay attorney's fees to husband totaling $5,000.

<u>Affirmed.</u>